## VIOLATION OF SUNDAY CLOSING LAW.

[Circuit Court of Cuyahoga County.]

LOUIS KUBACH v. THE STATE OF OHIO, AND FRED. GITTINGS v. THE STATE OF OHIO.

Decided, January 8, 1904.

*Jurisdiction of Mayor of Village—Section 1824, Revised Statutes, Constitutional—Second Offense Must Be Charged as Such—Aggregate Penalties May Exceed Limit of One—Information Not Required.*

1. Under Section 1824, Revised Statutes, mayors of villages have final jurisdiction in misdemeanor cases in which, under the Constitution, there is no right to trial by jury, and such jurisdiction extends throughout the county.

2. Said Section 1824, Revised Statutes, is not in conflict with Section 10, Article IV of the Constitution.

3. In order that a person charged in one affidavit with selling liquor contrary to the statute on more than one occasion, may be entitled to a jury or punished as for a second offense, the affidavit must show a former conviction and that a particular sale is charged as a second or repeated offense.

4. Several charges of distinct sales of liquor contrary to the statute may be made in one affidavit and a fine assessed for each offense, even though the aggregate of such fines exceeds the limit of punishment for one offense.

5. Misdemeanor cases may be instituted and tried before justices of the peace and mayors, upon the filing of an affidavit, and it is not necessary that an information be lodged with the magistrate.

WINCH, J.; HALE, J., and MARVIN, J., concur.

There are eight cases before this court bearing the above numbers, on error to the court of common pleas.

In the Kubach cases, numbered 3134, 3135 and 3136, and in the Gittings cases, numbered 3139, 3140 and 3141, the plaintiffs in error were convicted before Reuben Osborn, Mayor of the Village of Bay, in this county, of violations of the Sunday Closing Law, being Section 4364-20 of the Revised Statutes.

In the Gittings cases, numbered 3137 and 3138, plaintiff in error was convicted before said mayor of suffering gaming, contrary to the provisions of Section 6933 of the Revised Statutes.

The defendants thereupon prosecuted error to the court of

134   CIRCUIT   COURT   REPORTS—NEW   SERIES.

Kubach v.The State and Gittings v.The State. [Vol. II, N. S.

common pleas, where the convictions were affirmed, and error is prosecuted in this court to reverse the judgment of the common pleas affirming the judgments of the mayor.

In the cases for the violations of Section 4364-20, each of the affidavits contained several counts alleging distinct sales of intoxicating liquor, and also charging that the defendant, on the day in question, kept his place open, contrary to the provisions of the statute.

In case No. 3135 there are four counts, three alleging separate sales of intoxicating liquors to the persons named, on the 26th day of July, 1902, and the fourth count alleging that the place was kept open on that day.

In case No. 3134 there are three counts, two alleging sales to different persons on July 19th, and the third count alleging the keeping open on that date.

In case No. 3136 the affidavit contained three counts charging two sales on August 2d, and the keeping open of the place on that date.

In case No. 3139 one sale is alleged, and the keeping open of the place on August 2d.

In case No. 3140 there are three counts, alleging two sales and the keeping open of the place on July 19th.

In case No. 3141, there are three counts, alleging two sales and the keeping open of the place on July 26th.

In the Kubach case he was found guilty of all the sales alleged, but not guilty on each count of keeping open, and in the Gittings cases, he was found guilty of every count charged against him. In each the mayor imposed a fine on each count on which the defendants were found guilty, so that in case No. 3135, above referred to, the defendant was fined $150, being $50 each on the first, second and third counts of the affidavit.

In the Gittings case, No. 3137, he was found guilty of suffering gaming by means of a gaming device, to-wit, a slot machine, on July 18th, contrary to the statute referred to, and in case No. 3138 he was found guilty of a like offense committed on July 19th. In each of these cases he was fined $50 and costs.

On behalf of the plaintiffs in error there are several objections made to the proceedings below. The jurisdiction of the mayor is challenged for two reasons: First, it is said that the mayor of the village of Bay has no jurisdiction to try any cases for the violation of the state law for offenses committed outside of the village of Bay; and, second, that on the face of the record which is before this court, the defendants are charged with second and subsequent offenses, and are, therefore, entitled to a trial by jury, which was denied them. The questions were raised before the mayor in various ways, so that they are properly before this court.

On the first branch of this question, we find that by Section 1824 of the Revised Statutes, the mayor of the village has final jurisdiction in misdemeanor cases in which, under the Constitution, there is no right to a trial by jury, and that this jurisdiction extends throughout the county. Such was the holding of this court in an unreported case which was before it at the last term of court. The case was that of *The State of Ohio, ex rel Carey,* v. *Metzger, as Mayor of the Village of Bedford.* The relator in that case sought a writ of prohibition to prohibit Metzger, as mayor of the village of Bedford, from proceeding to try the relator for a violation of the Beal Local Option Law, alleged to have been committed in the village of Lakewood in this county. In that case this court held that Section 1824 confers jurisdiction upon a village mayor to try misdemeanor cases in which the defendant is not entitled to a jury trial, arising anywhere in the county. The writ asked for in that case was denied, and the petition dismissed. This court also made the same holding in the unreported case of *Joseph Roth* v. *P. D. Metzger et al,* where Roth brought suit against Metzger for damages for false imprisonment, in that Metzger, as mayor of Bedford, tried Roth at Bedford for violating Section 4364-20 at Warrensville. It was claimed the mayor had no jurisdiction outside his village. This court held the jurisdiction under Section 1824 extends throughout the county, and affirmed the ruling of the court of common pleas in sustaining a demurrer to the petition. We follow those holdings in this case, and hold

**136** CIRCUIT COURT REPORTS—NEW SERIES.

Kubach v.The State and Gittings v.The State. [Vol. II, N. S.

that the statute confers jurisdiction on the mayor throughout the county.

It was further urged in argument that the grant of jurisdiction to a village mayor throughout the county is repugnant to the Constitution, and that jurisdiction could be lawfully conferred upon the mayor only for the village in which he had been elected. In the argument in this case, no particular part of the Constitution was referred to, which it is claimed this statute violates, but in the case of *State, ex rel Carey*, v. *Metzger*, referred to above, it was claimed that Section 1824 was in conflict with the provisions of Section 10 of Article IV of the Constitution. In that case, this court held, that no such conflict existed, and that that section of the Constitution in no way prevents the grant of such power. We are still of that opinion, and no suggestion having been made that Section 1824 violates any other provision of the Constitution, we hold that Section 1824 is a constitutional and valid enactment.

It is urged, as an additional reason why the mayor is without jurisdiction in these cases, that on the face of the record the defendant is being prosecuted for a second or subsequent offense by reason of the fact that the affidavit, as in case No. 3135, contains four separate charges of distinct offenses. We are cited to a recent decision of our Supreme Court which seems to us conclusive on this point. We refer to the case of *The State of Ohio, ex rel Smith*, v. *Smith*, decided by the Supreme Court on October 17th, 1903, and reported in the 69 O. S. The opinion in the case will be found in THE OHIO LAW REPORTER ef December 28th, 1903, at page 722. In that case the second paragraph of the syllabus reads as follows:

"Unless such affidavit charges the particular sale to be the second or subsequent offense, imprisonment can not be imposed as a part of the punishment, and a justice of the peace with whom the affidavit is filed has jurisdiction to try the accused without the intervention of a jury."

The case under consideration in *State, ex rel Smith*, v. *Smith* was for a violation of the pure food law, and like the statute under consideration here, authorized the imposition of imprisonment as a penalty for a second or subsequent violation of

the statute, but did not authorize the imposition of imprisonment for a first offense.

On the authority of that case and the following cases, *Larney* v. *Cleveland,* 34 O. S., 599, and *Inwood* v. *State,* 42 O. S., 186, we hold that as none of the affidavits in these cases contained any allegation that the offense in question was a second or repeated offense, the defendants were properly prosecuted on all the counts as for a first offense.

We also hold that the affidavit must allege not only a previous offense, but also a former conviction of that offense, in order to justify the increased punishment. To prove a second offense the State must prove a first offense and the proof of one must be as clear and certain as the proof of the other. Any proof of such first offense that falls short of the proof necessary for a conviction therefor would be inadequate. Such being the case, if the accused is charged with and being tried for a second offense only, a first offense should be proved by a conviction therefor; otherwise the accused would be put upon his defense of two charges when being tried upon but one. In none of the cases before us was there any allegation of any previous conviction, nor was there any allegation that the defendants were being prosecuted otherwise than for the first offense, and we therefore hold that the court had no authority on any count of any one of the affidavits under consideration to punish the defendants otherwise than as for a first offense. Imprisonment, therefore, could not be a part of the punishment in any of these cases, and the mayor properly tried the defendants without the intervention of a jury.

Objection is also made to what may be termed the cumulative penalty in these cases, and attention is called to the case in which the mayor imposed a fine of $150, being a fine of $50 each on three separate counts for a violation of the Sunday law. The highest penalty that can be inflicted for a single offense under this statute, when the defendant is prosecuted for a first offense, is $100, and it is claimed that there is error in this action of the mayor.

Bishop's New Criminal Procedure, Section 452, contains the following:

138    CIRCUIT COURT REPORTS—NEW SERIES.

Kubach v.The State and Gittings v.The State. [Vol. II, N. S.

"By the practice everywhere, distinct misdemeanors may be joined in separate counts of one indictment, to be followed by one trial for all, and by one conviction for each, the same as though all were charged in separate indictments, subject to practical limitations from judicial discretion. So, in liquor selling, when made by statute a misdemeanor with a fine for each sale, several counts for distinct sales may be combined in one indictment and the accumulated penalty imposed.''

This clearly justifies the joinder of several counts for distinct offenses in one affidavit in misdemeanor cases where imprisonment is not part of the punishment, to be followed by one trial on all of the charges and a fine upon each, with one sentence for the whole amount of the fine assessed upon the several counts in one affidavit, even though the accumulated penalty exceeds the maximum amount authorized to be assessed upon a single violation of the statute. Such is the general holding of the authorities upon this proposition, and the courts of this state are in accord with such holding. We refer to the following cases: *Bailey* v. *State,* 4 O. S., 441; *Boose* v. *State,* 10 O. S., 576; *Eldredge* v. *State,* 37 O. S., 191.

It is urged on behalf of the plaintiff in error* that in misdemeanor cases, prosecuted on behalf of the State where an indictment is not required, it is necessary that the filing of the affidavit be followed by the filing of an information setting forth the offense in the manner usual in informations in criminal cases.

We are not cited to any statute of this state which requires that an information be filed in the mayor's court, nor are we cited to any holding in this state that such information is necessary. It is true the courts of this state have held that in cases where an information is proper, the information must be supported by an affidavit, and will quash the information unless an affidavit has been filed. *State* v. *State,* 3 O. S., 293; *Eichenlaub* v. *State,* 36 O. S., 140.

But no court has ever held, to our knowledge, that an information is essential to support an affidavit in cases of this character. The long established practice before justices of the peace and mayors in misdemeanor cases in this state has been to proceed upon affidavit and not upon information.

Sections 7131 and 7133 authorize certain magistrates, including mayors of villages, to issue warrants for the arrest of any person charged with an offense, upon the filing of an affidavit with such magistrate. There is no requirement in this body of the law, nor elsewhere that we have been able to discover, that with such affidavit an information shall be filed. After the arrest of the defendant, the provisions found in the Municipal Code confer jurisdiction upon the mayor to try the defendant. In this case that jurisdiction is found in Section 1824.

The foregoing disposes of all objections urged by the plaintiffs in error against the validity of the judgments below, and, finding no errors, the judgments of the court of common pleas affirming the judgments of the mayor of the village of Bay in the eight cases before us, are affirmed.

*Hart, Canfield & Croke* and *James M. Williams,* for plaintiffs in error.

*Albert V. Taylor,* for defendant in error.